**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4867

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELESIO MARTINEZ-HERNANDEZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-280)

---

Submitted:  June 22, 2005               Decided:  July 18, 2005

---

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Warren Sparrow, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melesio Martinez-Hernandez appeals his conviction and sixty-six month sentence imposed after he pleaded guilty to one count of reentry by a deported alien after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). On appeal, Martinez-Hernandez asserts that he was improperly sentenced under a mandatory guidelines[1] scheme in violation of the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Because we find no plain error in the determination or imposition of Martinez-Hernandez's sentence, we affirm.

In <u>Booker</u>, the Supreme Court applied the rationale of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. <u>Booker</u>, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. <u>Id.</u> at 756-57 (Breyer, J., opinion of the Court). Subsequently, in <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence imposed under the pre-<u>Booker</u> mandatory

_____

[1]<u>U.S. Sentencing Guidelines Manual</u> ("USSG") (2003).

- 2 -

sentencing scheme and enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. This error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. We directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a sentence outside the guideline range is imposed, the district court should state its reasons for doing so. Id. at 546.

Because Martinez-Hernandez withdrew his objections to the sentence calculations included in the presentence report and adopted by the district court, we review the district court's sentence for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Martinez-Hernandez must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public

reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

In determining whether error occurred in Martinez-Hernandez's sentencing, we note that Hughes also recognized "that after Booker, there are two potential errors in a sentence imposed pursuant to the pre-Booker mandatory guidelines regime: a Sixth Amendment error, . . . and an error in failing to treat the guidelines as advisory." Hughes, 401 F.3d at 552. On appeal, Martinez-Hernandez does not raise any specific argument that his sentence was affected by a Sixth Amendment error, but asserts error in the application of the guidelines as a mandatory sentencing determinant. In United States v. White, 405 F.3d 208 (4th Cir. 2005), this court determined that "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error" that is plain. Id. at 216-17. We also concluded that, to satisfy the third prong of the plain error test, an appellant must demonstrate actual prejudice. Id. at 217-24. White could not satisfy this requirement, however, because he could not establish that the application of the guidelines as mandatory had an effect on "'the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

Our review of the district court's remarks at the sentencing hearing leads us to conclude that the district court's statements do not support Martinez-Hernandez's argument, but would rather require speculation by this court to determine whether the district court would have imposed a lesser sentence by treating the guidelines as advisory. <u>White</u>, 405 F.3d at 223-25. Accordingly, Martinez-Hernandez cannot demonstrate that the district court's error[2] in sentencing him pursuant to a mandatory guidelines scheme affected his substantial rights.

We therefore affirm Martinez-Hernandez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]We of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time of Martinez-Hernandez's sentencing.